**In re EASTERN GAS & FUEL ASSOCIATES.**

**Civ. A. No. 50–168.**

United States District Court
D. Massachusetts.

June 22, 1950.

· John J. Burns and John F. Rich, both of Boston, Mass., Burns, Blake & Rich, Harold B. Dondis, Boston, Mass., of counsel, for F. C. Dumaine, Jr., and Pierrepont B. Foster, individually and as a Committee for the 6% Preferred Shares.

James S. Eastham and John A. Gage, Charles A. Coolidge and Peter F. Coogan, all of Boston, Mass., Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., of counsel, for Eastern Gas and Fuel Associates.

Frank B. Ingersoll, Edmund S. Ruffin, Jr., Carleton M. Crick, Edward H. Schoyer, all of Pittsburgh, Pa., Smith, Buchanan & Ingersoll, Pittsburgh, Pa., of counsel, for Koppers Company, Inc.

Harry G. Slater, Chief Counsel, Division of Public Utilities, Sidney Shemel and Joseph B. Levin, all of Washington, D. C., for Securities and Exchange Commission.

Claude B. Cross, Boston, Mass., for Charles Howard Bates and Jane L. Scattergood, holders of 6% Preferred Stock.

956

SWEENEY, Chief Judge.

This action was initiated by the Securities and Exchange Commission by filing an application for the Court's approval of a plan of recapitalization which had been filed with it by Eastern Gas and Fuel Associates (which will hereinafter be referred to as Eastern), under Section 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e). At the time Eastern filed its plan of recapitalization with the Commission it had, in addition to a 4½% prior preferred stock with which we are not presently concerned, a 6% preferred stock and a common stock outstanding. Within these two classes of stock there existed an inequitable distribution of voting power and a plan was needed to correct it. This was to be accomplished by eliminating the two classes of stock referred to, and substituting therefor a single class of new common stock. After extensive hearings the S. E. C. reached the conclusion that 87% of the new common stock should be allocated to the holders of the 6% preferred stock, and the remainder to the holders of the present common stock. After this conclusion was reached Eastern amended its plan so as to conform to it. It is with the percentage distribution of the new stock that both the 6% preferred stock committee and the common stock group are dissatisfied. Koppers Company, Inc., which represents the common stock group, claims that it should be given 56% of the new common stock, whereas the 6% preferred holders feel that they should be given all but a token of the new common stock. The 6% preferred holders' group contends that the Commission used an improper method of valuation and that, as a result, the plan is not fair and equitable to its group. Conceding that the valuation must be by the Commission without participation by the Court, nevertheless the method of valuation is reviewable by the courts, see Ecker v. Western Pacific R. Corp., 318 U.S. 448, 63 S.Ct. 692, 87 L.Ed. 892, or, stated another way, when an improper method of valuation is used by the Commission the courts may set aside such a valuation. However, I am not satisfied that the Commission's method of valuation was an improper one. See Lahti v. New England Power Ass'n, 1 Cir., 160 F.2d 845, 853.

There can be little doubt that the plan is necessary within the meaning of the Act to accomplish the desired end. Indeed, most of counsel's argument has not had to do with the necessity for the plan but has been directed to the question of the fairness of it. The Commission has filed with its application a copy of its findings of fact and opinion. The case has been well briefed on all sides, and there would be little gained by this Court setting forth the history of the proceeding in extended form. Koppers' main objection to the approval of the plan is directed to what it terms an unfair allocation of 87% of the stock to the preferred stockholders, and in support of this objection urges that the Commission overvalued the earnings of the preferred stock. Koppers urges that the $11.63 earnings determined by the Commission for the preferred stock were much too high, and that it should be valued only in the light of its surrender of the $6.00 preference dividend. This position is untenable. The Commission properly considered the right of the preferred stock to receive back dividends to the extent of $35.50 per share, when and if earned. The Court is satisfied that the Commission committed no error in establishing the earning value of the preferred stock. The preferred stockholders' committee, seeking all but a token of the new common stock, attacks the Commission's findings not only on the basis of having used an improper method of valuation by giving consideration to earnings as well as to dividends, but also on the ground that, since the common stock could not expect to receive dividends for a prohibitively long period, its value was therefore only nominal. I cannot agree with such a contention. While it is true that there were arrearages on the preferred stock which, in addition to the current $6.00 dividend must be earned prior to the payment of dividends on the common stock, nevertheless the common stock had a fixed and definite value when considered in the light of Eastern's past operations and the known condition of its subsidiaries, particularly The Virginian Corporation.

■ The Commission's findings are supported by substantial evidence and its conclusion that the plan is fair and equitable is supported by these findings. Had this Court heard this case in its original presentation it might have reached a slightly different result in percentages. However, it is not our duty to hear this case *de novo* but to ascertain if the administrative body's disposition was supported by the evidence presented to it. On this question I am satisfied that no error of law was made by the Commission, nor were its rulings or findings dictated by caprice or arbitrariness.

The plan is approved as fair and equitable and appropriate to effectuate the provisions of Section 11 of the Act.

An order may be prepared to carry out the terms of the plan.